UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                          Case No. 19-41313-cec

Cort & Medas Associates, LLC,                                   Chapter 11

                                                                Hon. Carla E. Craig
                                            Debtor.             United States Bankruptcy Judge
------------------------------------------------------------x

**INTERIM STIPULATION AND ORDER PURSUANT TO 11 U.S.C. §§ 361 & 363 AND FED. R. BANKR. P. 4001 PROVIDING FOR THE DEBTOR'S USE OF CASH COLLATERAL AND OTHER RELIEF**

Cort and Medas Associates, LLC (the "Debtor"), as a debtor in possession in the above-referenced Chapter 11 case, hereby enters into this stipulation (the "Stipulation") with 1414 Utica Avenue Lender (the "Secured Creditor" and/or "1414 Lender" and together with the Debtor, the "Parties"), as set forth below for the purposes of authorizing the Debtor's use of 1414 Lender's Cash Collateral (as defined below) on an interim basis and to provide adequate protection to 1414 Lender subject to the approval of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). In connection with this Stipulation, the parties hereto respectfully state as follows:

**RECITALS**

**WHEREAS**, on or about December 29, 2009, The Park Avenue Bank ("Park Ave" and "Original Lender") loaned funds to Debtor in the principal sum of $1,375,000.00 (the "Loan"), which was evidenced by a Secured Promissory Note (the "Note") of even date;

**WHEREAS,** on or about December 29, 2009, as security for the Note, Borrower executed and delivered to Original Lender, a Mortgage, Assignment of Leases and Rents and Security Agreement ("Mortgage") which was recorded in the New York City Register's Office ("Register's Office") on January 26, 2010 at CRFN: 2010000028801;

1

**WHEREAS**, the Mortgage is a first lien encumbering that certain property commonly known as 1376 and 1414 Utica Avenue, Brooklyn, New York 11203 (Block: 4784, Lots: 20 & 35) (the "Premises");

**WHEREAS**, to further secure payment of the Note, Debtor, Kendrick L. Cort, and Tri-Borough Home Care, LTD. executed and delivered to Original Lender a certain Guarantee (the "Guarantee", and together with the Note and Mortgage, the "Loan Documents");

**WHEREAS,** by Assignment of Mortgage dated March 12, 2010, the FDIC (as Receiver for Original Lender) assigned the Mortgage to Valley National Bank which was recorded on July 14, 2015, the City Register's Office at CRFN: 201500024261515;

**WHEREAS**, by Assignment of Mortgage dated June 1, 2010, Valley National Bank assigned and transferred the Mortgage to VNB New York Corp. which was recorded on July 14, 2015 in the City Register's Office at CRFN: 2015000242616;

**WHEREAS**, by Certificate of Merger dated May 29, 2013, VNB New York Corp. was merged into VNB MergerCo., LLC, a New York limited liability company, and by Certificate of Amendment of Articles of Organization, VNB MergerCo., LLC's name was changed to VNB New York, LLC;

**WHEREAS,** Borrower defaulted on the Note and Mortgage by, among other things, failing to pay all outstanding principal and interest due and owing upon the maturity of the Loan on January 1, 2015;

**WHEREAS**, due to the defaults Valley commenced a foreclosure action (the "Foreclosure Action") on July 29, 2015 by Summons and Verified Complaint (the "Complaint") filed with the New York Supreme Court, Kings County;

2

**WHEREAS**, on April 20, 2017, VNB New York, LLC assigned the Note and Mortgage to 1414 Lender pursuant to an Assignment of Mortgage recorded with the City Register at CRFN: 2017000163235;

**WHEREAS**, on April 20, 2017, VNB New York, LLC assigned its right, title, and interest in the Foreclosure Action to Secured Creditor via Assignment of Foreclosure Action;

**WHEREAS**, on September 5, 2017, a Judgment of Foreclosure and Sale was entered (the "JFS");

**WHEREAS**¸ on December 18, 2017 and December 19, 2018, Secured Creditor and Debtor entered into Stipulations of Forbearance (the "Stipulation of Forbearance");

**WHEREAS,** the Stipulation of Forbearance was terminated by virtue of the expiration of the Forbearance Period (as defined therein) on August 12, 2018 and order dated September 27, 2018 lifting all stays of termination under the Stipulation of the Forbearance Agreement;

**WHEREAS**, 1414 Lender scheduled a foreclosure sale of the Premises for March 7, 2019;

**WHEREAS**, on March 6, 2019 (the "Petition Date"), the Debtor filed a petition (the "Petition") for Chapter 11 bankruptcy relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, the Debtor has provided the Secured Creditor with a budget of income and expenses for the Premises so Debtor and the Secured Creditor can enter into a stipulation concerning the use of the Secured Creditor's Cash Collateral with respect to the Premises;

**WHEREAS**, pursuant to the terms and conditions of the Loan, all rents, income, receipts, revenues, issue and profits derived from the Premises (the "Cash Collateral") were unconditionally assigned to the Secured Creditor as security for repayment of the Loan, and that the Debtor was

granted a license to collect the Cash Collateral provided that there was no default under the Loan Documents;

**WHEREAS**, need exists for the Debtor to use the Cash Collateral in order to assure the continued operation of the Premises. Without such use of Cash Collateral, the Debtor will be unable to pay, among other things, the operating expenses, capital expenditures and general overhead relating to the Premises;

**WHEREAS**, 1414 Lender is willing to consent to the Debtor's limited use of Cash Collateral, but only upon the specific terms and conditions set forth herein, to the extent needed for necessary expenses.

**WHEREAS**, the Debtor is seeking use of Cash Collateral from the Petition Date through and including August 31, 2019 in accordance with the line item budget (the "Budget") annexed hereto as **Exhibit "A"**, pursuant to the terms set forth herein below.

## STIPULATION

NOW, THEREFORE, IT IS STIPULATED AND AGREED by and between the Parties, in consideration of the mutual promises set forth herein and other good and valuable consideration, the adequacy of which is acknowledged, the terms and conditions of this Stipulation when "so-ordered" by the Bankruptcy Court, shall constitute an Order of the Bankruptcy Court as follows:

1. Recitals. The foregoing recitals are incorporated herein by reference.

2. Authority. Each of the Parties to this Stipulation represent that they have the sole right and authority to execute this Stipulation and act in accordance with its terms, except that the Debtor's obligation and duties hereunder are subject to Bankruptcy Court approval.

3. Reservation of Rights. 1414 Lender contends that of March 6, 2019, the indebtedness due under the Loan as established by the JFS (before contemplation of certain post-

judgment, pre-petition legal fees and costs) was not less than an aggregate indebtedness of $2,138,769.80, consisting of the sum of $1,865,216.29, with post-judgment/pre-petition interest in the sum of $232,482.19, and post-judgment/pre-petition legal fees and costs of an amount not less than $41,071.32. Nothing herein shall constitute an admission by the Debtor of the validity and amount of 1414 Lender's claims against the Debtor or of the extent, priority and perfection of 1414 Lender's security interests in the Debtor's assets and the Debtor reserves its rights to object to 1414 Lender's claims and validity, extent and priority of 1414 Lender's liens interests in the Debtor's assets and seek direct relief against 1414 Lender; and 1414 Lender reserves all of its rights with respect to any objections or claims filed by the Debtor.

4. <u>Use of Cash Collateral</u>. Except as set forth herein, the Debtor is authorized to use Cash Collateral until further Order of this Court for the limited purposes specifically set forth below and pursuant to the terms of the Budget, provided, however, that the Debtor may exceed on a monthly basis the amount set forth in each category of disbursements set forth in the Budget by five (5%) percent; and also may exceed on a monthly basis the aggregate amount of disbursements set forth in the Budget by ten (10%) percent provided that such use shall be exclusively in the ordinary course of maintaining the Premises and operating its business conducted thereupon. Additionally, the Budget may be supplemented or extended, provided that such supplementation or extension has been approved by 1414 Lender in writing, which consent shall not be unreasonably withheld, or by this Court after notice to 1414 Lender and a hearing. The Debtor shall, at all times, maintain its operating account in compliance with 11 U.S.C. § 345, and the Debtor shall deposit all Cash Collateral into a debtor-in-possession bank account, established for its post-petition operations. For purposes of this Stipulation, notwithstanding the foregoing, no Cash Collateral held or deposited in any reserve or escrow accounts for taxes, capital expenditures,

furniture, fixtures and equipment or similar items shall be used for any purpose other than the purpose for which such accounts (collectively, the "Reserves") are dedicated.

      5.      Prohibited Uses of Cash Collateral. Except as expressly permitted by this Stipulation, consented to by 1414 Lender, or approved by this Court, the Debtor is prohibited from use of any of the Cash Collateral for any other purpose whatsoever. Without limiting the generality of the foregoing, 1414 Lender does not consent to the use of any of the Cash Collateral to:

a) prepare, prosecute or seek approval of any motion, application or plan of reorganization or liquidation that would, if so approved, investigate, assert, commence, prosecute or otherwise take any action with respect to any lien, claim or alleged lien or claim against 1414 Lender, including but not limited to, claims arising under §§ 542 through and including 553 of the Bankruptcy Code;

b) challenge the amount, validity, priority or enforceability of the Loan or the security interests and liens of 1414 Lender in the Collateral or assert any defense, claim, counterclaim or offset with respect to the Loan or the security interests and liens of 1414 Lender;

c) challenge in any manner whatsoever the Loan and any other rights, claims and entitlements of 1414 Lender under any of the documents executed by the Debtor and given to 1414 Lender(or its predecessors) in connection with the origination of any the Loan or Loan Documents;

d) change, amend or modify in any manner whatsoever any of the Loan Documents; or

e) seek the modification, amendment or vacatur of this Stipulation.

      6.      Adequate Protection. Notwithstanding anything to the contrary contained in § 552(a) of the Bankruptcy Code, as adequate protection for, and to secure payment of, the aggregate

diminution in the value of the Cash Collateral from the Petition Date, and as consideration to 1414 Lender to permit the Debtor's use of Cash Collateral, the Debtor hereby grants to 1414 Lender the following adequate protection:

a) <u>Superpriority Claim</u>. A Superpriority administrative expense claim under Bankruptcy Code §364(c)(1);

b) <u>Replacement Lien on the Debtor's Property</u>. Replacement liens on and security interests in and to all assets of the Debtor of any kind or nature (including without limitation, all post-petition rent), wherever located, now owned or hereafter acquired, and the proceeds thereof that are or have been acquired, generated or received by the Debtor subsequent to the Petition Date (including any causes of action for unauthorized transfers made post-petition and proceeds thereof but excluding avoidance actions under Chapter 5 of the Bankruptcy Code and any proceeds thereof), and all post-petition property to which 1414 Lender's respective pre-petition liens attached, which replacement liens and security interests shall be deemed valid, perfected, continuing, unavoidable and enforceable not subject to subordination, impairment or avoidance to the same extent and with the same priority in which 1414 Lender's pre-petition liens existed as of the Petition Date senior to all other liens against the Debtor's estate existing as of the Petition Date pursuant to section 363 of the Bankruptcy Code (the "<u>Replacement Liens</u>") and 1414 Lender is entitled to all of the rights and benefits of section 552(b) of the Bankruptcy Code, and subject to the entry of a final order in connection with this Stipulation.  In addition, the Replacement Liens shall extend to all of the post-petition property of the Debtor of the same type, nature, validity, priority and extent of its pre-petition security interest and subject to the same defenses, with such liens to be deemed perfected without the necessity of further action, filing or

recording, including, but not limited to the filing of any additional financing statements, deeds, mortgages, or other documents which may otherwise be required under federal or state law in any jurisdiction or the taking of any other action to validate or perfect the security interests and liens granted to 1414 Lender herein; provided however, that the liens shall not extend to causes of action or proceeds thereof arising under §§ 542 through and including 553 and shall be subject to the United States Trustee's fees arising under 28 U.S.C. § 1930. The Replacements Lien shall not be construed as a reduction of the indebtedness under the Loan.

c) <u>Adequate Protection Payments</u>. Commencing on May 1, 2019 following the execution of this Stipulation and continuing on the 5th day of each month thereafter, the Debtor shall make payments of (a) $14,000.00 to 1414 Lender and (b) $7,853 to Empire State Certified Development Corporation (the "<u>Adequate Protection Payments</u>").

d) <u>Other Payments</u>. The Debtor shall pay all post-petition real property taxes, water and sewer charges, in the amounts referred to in the attached Budget for which payment shall be reserved on a monthly basis.

e) <u>Effect of Adequate Protection Payments.</u> Nothing in this Stipulation including any of the provisions herein with respect to adequate protection, shall constitute, or be deemed to constitute, a finding that the interests of the Secured Creditor is or will be adequately protected.

f) <u>Carve-Out</u>.   Replacement Liens and Superpriority claim(s) given by the Debtor to 1414 Lender shall be subordinate only to the fees and expenses of a Chapter 7 Trustee, should one be appointed after conversion of this Chapter 11 case to one under Chapter 7 of Title

11 of the United States Code, in an amount not to exceed $5,000.00, which shall be further subject to Court approval.

7.     Default. Notwithstanding anything to the contrary contained herein ***and subject to paragraph number "8" ("Remedies") hereinbelow***, the Debtor's right to use**,** and the use of**,** the Cash Collateral under this Stipulation, ~~the Debtor~~ shall ~~immediately~~ cease ~~on the first business day after ten business (10) days~~ following an Event of Default.  ***(CEC)*** For the purposes of this Stipulation an "Event of Default" is defined as follows:

a) the entry by this Court or any other court vacating this Stipulation;

b) the dismissal of the Debtor's bankruptcy case or the conversion of the case to a case under Chapter 7 of the Bankruptcy Code;

c) the entry by this Court of an order authorizing the sale of all or substantially all of the Debtor's assets that does not provide for full payment under the Loan to 1414 Lender, unless agreed to in writing by 1414 Lender;

d) the appointment of a trustee, receiver or examiner or other representative with expanded powers for any of the Debtor;

e) The Debtor ceases operations of its present business as such existed on the Petition Date or takes any material action for the purpose of effecting the foregoing without the prior written consent of Secured ***Creditor (CEC)***, except to the extent contemplated by the Budget;

f) failure to timely make any adequate protection payment pursuant to paragraph 6;

g) failure of Debtor to file a chapter 11 Plan with a reasonable likelihood of being confirmed on or before July 1, 2019***;***

h) Any failure to comply with any provision of this Stipulation**.**

8.      Remedies. Upon the occurrence of an Event of Default, which has not been cured after five (5) business days' notice is given to the Debtor's counsel Shafferman & Feldman LLP by email (joel@shafeldlaw.com) and overnight delivery to Shafferman & Feldman LLP, 137 Fifth Avenue, 9th Floor, New York, New York 10010: (i) the automatic stay under Section 362 of the Bankruptcy Code (or under any other Bankruptcy Code section or applicable law or rule) shall terminate, ~~without further notice~~ upon entry of an order from the Bankruptcy Court**, *to be entered*** after 1414 Lender ~~submits~~ ***files and serves*** an affidavit of non-compliance with a proposed order on five (5) business days' notice, in order to permit 1414 Lender to take immediate action to protect the Premises from harm, theft and/or dissipation and to exercise all of its contractual, legal and equitable rights and remedies, (ii) the Debtor's right to use cash collateral shall terminate; and (iii) the exclusive period by which the Debtor may file a plan shall terminate forthwith. ***(CEC)***

9.      Effect of Stipulation on Automatic Stay.   The entry of this Stipulation is without prejudice to, and does not constitute a waiver of, expressly or impliedly, or otherwise impair, any of the rights, claims or privileges (whether legal, equitable or otherwise) of 1414 Lender under the Bankruptcy Code or under non-bankruptcy law including their right to seek relief from the automatic stay under Section 362 of the Bankruptcy Code.  The automatic stay imposed by Section 362 of the Bankruptcy Code shall be, and hereby is, modified to the extent necessary to implement and effectuate the terms and conditions of this Stipulation.

10.     Binding Effect. The provisions of this Stipulation shall inure to the benefit of Debtor and 1414 Lender and shall be binding upon the Debtor and 1414 Lender, along with their successors and assigns, including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtor with respect to property of the estate of any such Debtor, whether

under Chapter 11 of the Bankruptcy Code or in any subsequent Chapter 7 case, upon the United States Trustee and all creditors and parties in interest in these bankruptcy cases.

11.   Expiration.  Notwithstanding the foregoing, this Stipulation and authorization to use cash collateral hereunder shall terminate at 5:00 p.m. on August 31, 2019 unless extended by the Parties by written agreement or absent further Court order. Upon Expiration, the exclusive period by which the Debtor may file a plan shall terminate.

12.   No Waiver.   Nothing in this Stipulation shall prejudice 1414 Lender's rights under the Bankruptcy Code and applicable non-bankruptcy law, including, without limitation, 1414 Lender's rights to:

a) seek further adequate protection,

b) request conversion or dismissal of the Case;

c) seek relief from the automatic stay under § 362(d) of the Bankruptcy Code;

d) request appointment of a trustee or examiner in the Case;

e) object to or otherwise oppose any plan or disclosure statement proposed in this Case;

f) object to or otherwise oppose any relief sought by any entity or party in this Case, including without limitation, to object to any application filed by any professional in these cases seeking compensation and reimbursement of expenses under §§ 330 or 331 of the Bankruptcy Code;

g) assert that the Debtor is obligated to pay 1414 Lender the default rate of interest and any other charges, penalties, attorneys' fees and expenses and costs required to be paid under the Loan Documents for the period commencing on the Petition Date and continuing until all such amounts due to 1414 Lender under the Loan Documents and hereunder are paid in full;

h) any and all rights, remedies, claims and causes of action which 1414 Lender has or may have against any party who may be liable with the Debtor for the Loan and otherwise under the Loan Documents or any part thereof;

i) file and serve its own plan and disclosure statement after the expiration of the exclusivity period; and

j) the Debtor's right to oppose any of the items listed in paragraphs 12 (a)-(i), supra.

13. No Admission. The execution of this Stipulation, and nothing contained therein, shall be deemed to be an admission, or constitute evidence, in connection with any matter or proceeding other than the enforcement of the terms of this Stipulation, including but not limited to (a) any subsequent motion or application for use of Cash Collateral or for approval of debtor in possession financing; (b) any motion, application or plan of reorganization or liquidation seeking to substantively consolidate the Debtor with any other person; and (c) any motion or application filed by or on behalf of 1414 Lender seeking to modify the automatic stay, dismissal of the Case or termination of exclusivity. Except as otherwise expressly provided in the Stipulation, Secured Creditor and the Debtor hereto expressly reserve all of their rights and remedies under the Bankruptcy Code and applicable non-bankruptcy law.

14. Reporting and Request for Information:    The Debtor shall timely furnish to 1414 Lender: (i) all such reports and other information reasonably requested and required to be provided to 1414 Lender under the Loan Documents no later than thirty (30) days after such request; (ii) a monthly statement of operating results and sources and uses of cash with respect to the Premises no later than thirty (30) days after the end of each calendar month; (iii) any and all documentation, reports, schedules, and insurance policies which 1414 Lender may reasonably request with respect to the Debtor and consistent with the terms of this Stipulation; and (iv) upon request from 1414

Lender, the Office of the United States Trustee or this Court, the Debtor shall provide evidence that the Premises are properly insured against all loss, peril and hazard, and that 1414 Lender, and/or its successors and/or assigns, continues to be named as the mortgagee, additional insured, and loss payee as its interests may appear under such policies and shall maintain such policies or comparable policies during the term of this Stipulation.

15. <u>No Waiver of Rights In the Event of Dismissal</u>. In the event that this Case is dismissed, neither the entry of this Stipulation nor the dismissal of the Case shall affect the rights of 1414 Lender or the Debtor under this Stipulation, and all the rights and remedies of 1414 Lender hereunder or at law or in equity shall remain in full force and effect as if such case had not been filed.

16. <u>Stipulation Construed as Jointly Drafted</u>. This Stipulation shall be construed as if the Parties jointly prepared it and any uncertainty or ambiguity shall not be interpreted against Secured Creditor or Debtor.

17. <u>Effect of Plan</u>.  Upon the occurrence of consummation of a plan of reorganization for the Debtor, this Agreement shall be terminated.

18. <u>Illegality or Unenforceability</u>.  Any determination that any provision or application of this Stipulation is invalid, illegal, or unenforceable in any respect, or in any instance, shall not affect the validity, legality, or enforceability of any such provision, or the validity, legality, or enforceability of any other provision of this Stipulation.

19. <u>Headings</u>. Headings contained in this Stipulation are for reference purposes only and shall be given no weight in the construction of this Stipulation.

20. <u>Jurisdiction.</u>   The Bankruptcy Court shall retain jurisdiction to enforce the provisions of this Stipulation.

21. <u>Conflict</u>.  To the extent that any of the provisions of this Order shall conflict with any order of the Court authorizing the Debtor to continue the use of pre-petition bank accounts, cash management systems and/or business forms, or any similar orders, then this Order is deemed to control and supersede the conflicting provision(s) in said orders.

22. <u>Entire Agreement</u>. This Stipulation and all documents, instruments, and agreements executed in connection herewith incorporate all of the discussions and negotiations between the Debtor and Secured Creditor, either expressed or implied, concerning the matters included herein and in such other documents, instruments and agreements, any statute, custom, or usage to the contrary notwithstanding. No such discussions or negotiations shall limit, modify, or otherwise affect the provisions hereof. No modification, amendment, or waiver of any provision of this Stipulation, or any provision of any other document, instrument, or agreement between the Debtor and Creditor, shall be effective unless executed in writing by all parties.

23. <u>Extension of Stipulation</u>. The Debtor's authority to use Cash Collateral beyond the expiration of this Stipulation, may be extended by stipulated orders on substantially the same terms and conditions as set forth herein agreed to by the Debtor and 1414 Lender and submitted to the Court without further notice or hearing.

24. <u>Execution in Counterparts</u>. This Stipulation may be executed in one or more counterparts, all of which shall be deemed to be a single original.

THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK
SIGNATURE PAGE TO FOLLOW

**IN WITNESS WHEREOF**, this Stipulation has been executed as of the date first set forth above.

Dated: New York, New York  
      July 19, 2019

Dated: New York, New York  
      July 19, 2019

KRISS & FEUERSTEIN LLP  
*Attorneys for 1414 Utica Street Lender, LLC*

/s/ Stuart L. Kossar_____  
Jerold C. Feuerstein, Esq.  
Stuart L. Kossar, Esq.  
360 Lexington Avenue, Suite 1200  
New York, NY 10017  
(212) 661-2900  
jfeuerstein@kandfllp.com  
skossar@kandfllp.com

SHAFFERMAN & FELDMAN LLP  
*Attorneys for Cort & Medas Associates, LLC*

/s/ Joel Shafferman_____  
Joel Shafferman, Esq.  
137 Fifth Avenue, 9th Floor  
New York, NY 10010  
(212) 509-1802  
joel@shafeldlaw.com

SO ORDERED :



**Dated: Brooklyn, New York**  
      **July 26, 2019**

_____  
    **Carla E. Craig**  
**United States Bankruptcy Judge**