UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
In re:

      CORT & MEDAS ASSOCIATES, LLC

                    Debtor.
---------------------------------------------------------------

Case No. 19-41313 (CEC)
Chapter 11


### RESPONSE BRIEF OF EMPIRE STATE CERTIFIED DEVELOPMENT CORPORATION REGARDING PRIORITY OF DEFAULT RATE INTEREST


Dated:  Albany, New York
       January 8, 2020

                         LEMERY GREISLER LLC
                         Meghan M. Breen, Esq.
                         *Attorneys for Empire State Certified Development Corporation*
                         50 Beaver Street, 2nd Floor
                         Albany, New York 12207
                         (518) 433-8800

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I.     PRELIMINARY STATEMENT ................................................................................1

II.    BACKGROUND .......................................................................................................3

    A.     Pre-Petition Loans and TPLA ......................................................................3

    B.     The Foreclosure Action ...............................................................................5

    C.     Debtor's Bankruptcy Case ............................................................................6

III.   ARGUMENT.............................................................................................................8

    A.     Court Should Enforce the TPLA's Prohibition Against 1414 Lender
          Using State Law Foreclosure Procedures from Attacking ESCDC's
          Seniority on Default Rate Interest ................................................................8

    B.     ESCDC is Entitled to Priority with Respect to Default Rate
          Interest Under TPLA ....................................................................................9

    C.     Only Subordinate Lien Holders are Necessary Defendants
          in a Foreclosure Action .............................................................................10

    D.     Naming SBA as Defendant in Foreclosure Action, Without
          Requesting Specific Relief, Does Not Alter SBA's Rights.....................................11

    E.     *Rooker-Feldman Doctrine* and *Res Judicata* Inapplicable .....................................14

    F.     SBA Did Not Waive Any Rights in Foreclosure.....................................16

    G.     TPLA is Enforceable by this Court .......................................................17

    H.     ESCDC Entitled to Accounting of Interest Sought by 1414 Lender .....................17

IV.   CONCLUSION.......................................................................................................18

# TABLE OF AUTHORITIES

## CASES

*Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573 (2d Cir. 2006) ...…………………………………………………………………………..16

*British Int'l Ins. Co. v. Seguros la Republica, S.A.*, 342 F.3d 78 (2d. Cir. 2003) ..……..……....9

*Colwell Lead Co. v. Home Title Ins. Co.*, 154 A.D. 83, 138 N.Y.S. 738 (1st Dep't 1912) ….......14

*Cruden v. Bank of New York*, 957 F.2d 961 (2d Cir. 1992) …………………………..………..9

*Emigrant Industrial Sav. Bank v. Goldman*, 75 N.Y. 127 (N.Y. 1878) ..…….……...11, 12, 13, 16

*Highland Park CDO I Grantor Trust v. Wells Fargo Bank, N.A.*, 2009 U.S. Dist. LEXIS 53272 2009 WL 1834596 (S.D.N.Y. Jun. 19, 2009) …………………..………………………..8

*In re Boston Generating, LLC*, 440 B.R. 302 (Bankr. S.D.N.Y. 2010) …………..…………..…17

*Jacobie v. Mickle*, 144 N.Y. 237 (N.Y. 1894) ..…………………………………....10, 11, 13

*Jasper v. Rozinski*, 228 N.Y. 349 (N.Y. 1920) ………………………………………....13, 15

*Jefpaul Garage Corp. v. Presbyterian Hosp. in N.Y.*, 61 N.Y.2d 442 (N.Y. 1984) …..………..16

*Levine v. Resolution Trust Corp. (In re Coronet Capital Co.)*, 1995 U.S. Dist. LEXIS 10175, 1995 WL 429494 (S.D.N.Y 1995) ..……………………………………………….....17

*Sosa v. JP Morgan Chase Bank*, 33 A.D. 3d 609 (2d Dep't 2006) …...…………………….....15

*Swiatkowski v. Citibank*, 745 F. Supp. 2d 150 (E.D.N.Y. 2010) ….....…………………….....15

*Tax Lien Co. v. Schultze*, 213 N.Y. 9 (N.Y. 1914) …...………………………………….13

*Wells Fargo Bank, NA v. Cept 5, Inc.*, 2011 U.S. Dist. LEXIS 65654, 2011 WL 2470632 (S.D. Ind. June 20, 2011) …………………………………………………………………9

*W.W.W. Assocs. v. Giancontieri,* 77 N.Y.2d 157, 162, 565 N.Y.S.2d 440 (N.Y. 1990) …………9

STATUTES

11 U.S.C. § 510(a) ……………………………………………………………....…......17

Real Property Actions and Proceedings Law §1311………………………………………..……10

OTHER

1 Bergman on New York Mortgage Foreclosures § 2.08 (2019)………………………….……..10

1 Bergman on New York Mortgage Foreclosures § 12.10 (2019)……………………………….14

Empire State Certified Development Corporation ("ESCDC"), a secured creditor of the Debtor, Cort & Medas Associates, LLC (the "Debtor") by and through its attorneys Lemery Greisler LLC, submits this brief regarding the priority of the default rate interest asserted by 1414 Utica Avenue Lender LLC ("1414 Lender") in violation of the parties Third Party Lender Agreement and responds to the arguments made in the *Supplemental Memorandum of Law Regarding 1414 Utica Avenue Lender LLC's Entitlement to Payment on its Claim Prior to Payment of the Claim of Empire State Certified Development Corporation*, filed on December 20, 2019 by 1414 Lender (D.N. 85) (the "1414 Brief") and respectfully states as follows:

## I.    **PRELIMINARY STATEMENT**

Pursuant to the express terms of the Third Party Lender Agreement, dated as of December 29, 2009, by and between 1414 Lender's predecessor, The Park Avenue Bank, and ESCDC (the "TPLA"), although ESCDC is generally subordinated to 1414 Lender, it has a senior position to 1414 Lender with respect to default rate interest awarded 1414 Lender in the amount of $571,099.74 plus any additional default rate interest charged following the entry of the JFS (defined below). 1414 Lender does not dispute that ESCDC is entitled to priority over 1414 Lender on any default interest or charges under the terms of the TPLA. Instead, in a true "gotcha" type argument, 1414 Lender argues that because ESCDC, through its predecessor in interest the United States Small Business Administration ("SBA")[1], did not raise any objections in 1414 Lender's foreclosure action, ESCDC's contractual right to superiority on the default interest pursuant to the TPLA was somehow written out of the TPLA when the Supreme Court, Kings County (the "State

---

[1]    ESCDC is an authorized certified development company in the State of New York that makes loans designed to assist small business. Immediately upon the loans being documented and closed, the loan and loan documents are assigned to the SBA which then packages together similar loans and, to fund the loans, sells debentures in the investment market place. At times, like in this case, SBA will reassign the loan to ESCDC for servicing purposes such as was needed in this Chapter 11 case.

1

Court") executed its Judgment of Foreclosure and Sale, dated September 5, 2017 and entered on October 3, 2017 (the "JFS"). 1414 Lender makes this argument despite the fact that 1414 Lender's predecessor in interest never sought any affirmative relief in the complaint to restrict or eliminate the SBA/ESCDC's rights under the TPLA. The complaint does not even reference the default rate interest issue and, in no manner, does it seek to reorder the payment waterfall that, by contract between the parties, subordinates 1414 Lender's right to collect default rate interest to ESCDC's right to recover its principal and interest. The JFS also does not reorder the payment waterfall.

The SBA, through its attorney (the United States Attorney) had no reason to believe that the foreclosure action would eliminate its contractual rights on that portion of the debt for which it was in a senior position. Its attorney would have had no reason to object to the JFS because it does not contain any language or order that alters the TPLA contract or eliminates ESCDC's senior position on the default interest awarded to 1414 Lender.

Following a long line of cases, this Court must hold that in the absence of any language in the complaint disputing the SBA's senior lien on the default interest, the general language in the complaint and JFS did not serve to cut off the SBA/ESCDC's rights under the TPLA. Because the State Court did not make any determination as to the effect of the foreclosure on the default interest priority provision in the TPLA that would bind the SBA/ESCDC, 1414 Lender's arguments regarding the applicability of the *Rooker-Feldman Doctrine* and *res judicata* are irrelevant and inapplicable.

Neither the SBA or ESCDC ever made any clear and intentional waiver of their rights under the TPLA. The TPLA thus survives and is applicable in this bankruptcy case pursuant to Bankruptcy Code section 510(a).

2

At bottom, 1414 Lender is asking this Court to endorse its breach of contract by allowing it, in direct violation of the TPLA, to take default rate interest ahead of ESCDC recovering principal and interest.[2]

## II.     BACKGROUND

### A.  Pre-Petition Loans and TPLA

ESCDC is a secured creditor of the Debtor pursuant to, among other things, a Note, dated December 29, 2009, from the Debtor to ESCDC in the original principal amount of $1,132,000.00 and a Mortgage and Security Agreement (with Assignment of Leases and Rents), dated December 29, 2009 (the "Mortgage") granting a mortgage on the real property known as 1414 Utica Avenue and 1376 Utica Avenue, Brooklyn, New York (the "Real Property"). The Note, Mortgage and other loan documents were assigned by ESCDC to the SBA at the time of closing.

For servicing purposes, on June 4, 2019, the SBA assigned the loan back to ESCDC pursuant to an Allonge, Assignment of Mortgage and Assignment of Loan Documents. The Assignment of Mortgage was recorded on September 13, 2019.[3]

1414 Lender is an investor in troubled debt and is a secured creditor of the Debtor by and through its acquisition of the Secured Promissory Note in the principal amount of $1,375,000.00 and Mortgage, Assignment of Leases and Rent and Security Agreement, each dated December 29, 2009, from the Debtor to The Park Avenue Bank ("Park Avenue"). 1414 Lender acquired this

---

[2]     ESCDC reserves its right to assert a breach of contract claim against 1414 Lender.

[3]     ESCDC's loan documents and assignment documents are attached to ESCDC's timely filed proof of claim at Claim No. 6 in the Court's claims register; the recorded Assignment of Mortgage was also attached to ESCDC's objection to 1414 Lender's Disclosure statement at D.N. 74; and ESCDC's Mortgage was attached to 1414 Brief at Exhibit D. ESCDC did not re-attach these documents here as to not overburden the Court but can provide additional copies upon request. The validity of ESCDC's loan or lien has not been questioned by any party. ESCDC will also refer to the Exhibits as attached to the 1414 Brief for ease of reference.

3

loan through a series of mergers and assignments as detailed in the 1414 Brief. *See* 1414 Brief, p. 3-5.

On December 29, 2009, ESCDC and Park Avenue executed the TPLA, which was recorded in the City Registrar on January 13, 2010 at Document ID: 2010011201305044. *See* 1414 Brief, Ex. E.

The agreement generally provides that ESCDC (called the CDC or the holder of the "504 Loan") is subordinate to 1414 Lender (also known as the "Third Party Lender"). *See* 1414 Brief, Ex. E, ¶ 2. The exception is for default charges, where the Third Party Lender agreed to subordinate default charges to ESCDC's recovery of principal and interest. Paragraph 9 of the TPLA states as follows:

> a. The term "Default Charges" used in this paragraph includes, but is not limited to, prepayment penalties, late fees, other default charges and escalated interest after default due under the Third Party Loan.
> b. To the extent the Third Party Lender Lien secures any amounts attributable to Default Charges, which may exist in the Third Party Loan and Third Party Lender Lien, Third Party Lender Lien is and will be subordinate to the 504 Loan and the CDC Lien. This subordination applies only to the CDC and SBA and their successors and assigns, and in no event shall be applicable to Borrower or any guarantor of the Third Party Loan.

*See* 1414 Brief, Ex. E, ¶ 9.a. and b.

Through the various assignments and mergers, 1414 Lender is bound by the terms of the TPLA, which provides that: "[t]his Agreement will inure to the benefit of and bind the respective parties to this Agreement, and their successors and assigns, including any party acquiring the Third Party Loan and Third Party Lien by sale, assignment, or other transfer from Third Party Lender." *See* 1414 Brief, Ex. E, ¶ 14.

Importantly, the TPLA also provides that "[t]he Third Party Lender may not claim or assert against SBA any local or state law to deny any obligation of Borrower, or defeat any claim of SBA with respect to the 504 Loan." *See* 1414 Brief, Ex. E, ¶ 15.

B. **The Foreclosure Action**

On May 7, 2015 Valley National Bank, as agent for VNB New York, LLC ("Valley" as the assignee of Park Avenue and predecessor of 1414 Lender) sent the SBA/ESCDC a notice, upon its affiliate New York Business Development Corporation, informing the SBA of the default under the Third Party Loan and advising the SBA of its rights under the TPLA to acquire the loan ("Notice"). *See* Notice at 1414 Brief, Ex. L; *see also* TPLA at 1414 Brief, Ex. E, ¶¶ 7 and 9.c. Valley's Notice adhered to and applied the terms of the TPLA.

The Notice also recognized that if the SBA were to acquire the loan as provided for in the TPLA, that "[c]onsistent with the TPL Agreement, ¶ 9, the Acquisition Price is net of Default Charges, as therein defined, however, the Acquisition Price will continue to be adjusted upward to reflect the daily accrual of interest." *See* 1414 Brief, Ex. L, p. 2 (emphasis added).

The SBA elected not to acquire the Valley/Third Party Loan and on July 29, 2015, Valley filed a Summons and Verified Complaint (the "Complaint") in the State Court in an action captioned *Valley National Bank, as attorney-in-fact for VNB New York, LLC v. Cort & Medas Associates, LLC*, Index No. 509356/2015, seeking to foreclose the Real Property (the "Foreclosure Action"). *See* 1414 Brief, Ex. K.

SBA was named as a party in the Foreclosure Action on account of its mortgage lien it held on the Real Property. The language of the Complaint, which is also included and highlighted in the 1414 Brief, confirms that the SBA was named on account of its junior mortgage lien on the Real Property, and states that:

> SBA is made a party herein to bar it from any right, title or interest that it may have in the Mortgaged Premises and/or Chattel or some part thereof, by reason of the fact that SBA may hold certain mortgages and other liens against the Mortgaged Premises and/or Chattel that are **subsequent and/or subordinate** to the Valley National Mortgage being foreclosed herein.

*See* 1414 Brief, Ex. K, ¶ 5 (emphasis added); *See also* 1414 Brief, p. 5-6.

The Complaint is devoid of any reference to the subordination of default charges by the Third Party Lender (*i.e.* Park Ave, Valley and 1414 Lender) to the SBA. The Complaint does not seek any relief that would alter the terms of the TPLA or the provisions thereunder.

The SBA appeared in the Foreclosure Action through the United States Attorney by the filing a Notice of Appearance and Waiver (and Conditional Assertion of Claim if Case Involves a Federal Tax Lien) on August 11, 2015. *See* 1414 Brief, Ex. O. The SBA waived service of pleadings except for:

> 1) notice of any amendment to the pleadings to refer to any lien or interest of the United States not described in the pleading heretofore served on the United States; 2) notice of any motion or other paper seeking to challenge the lien or other interest of record of the United States; 3) notice of sale; 4) report of sale; 5) notice of all proceedings to obtain surplus monies.

*Id.* ESCDC is unaware of any pleadings or motions served on the SBA in the Foreclosure Action where Valley or 1414 Lender sought to challenge the SBA's senior lien with respect to default charges. SBA's notice of appearance and waiver of other pleadings did not contain a waiver of any of the SBA's rights under the TPLA. *See id*.

The Foreclosure Action was later assigned to 1414 Lender. On September 5, 2017, the State Court executed the JFS for 1414 Lender. *See* 1414 Brief, Ex. P. The JFS indicates that the "Default Rate Interest" awarded to 1414 Lender is $571,099.74. *See id.* p. 3. The JFS did not make any mention of the TPLA and did not reorder the payment waterfall provided by the TPLA as a matter of contract between the parties. *See* 1414 Brief, Ex. P. The foreclosure sale never occurred because it was stayed by the filing of this case.

## C. **Debtor's Bankruptcy Case**

On March 6, 2019, the Debtor filed its chapter 11 petition for relief in this Court. On June 6, 2019, ESCDC filed a secured proof of claim in the amount of $757,039.27, assigned claim

6

number 6 in the Court's claims register. ESCDC's claim contained a statement regarding the subordination of 1414 Lender to ESCDC with respect to all default charges.

1414 Lender filed a secured proof of claim on June 6, 2019 at claim number 7 in the amount of $2,159,964.89, which attached the JFS as supporting documentation. 1414 Lender's proof of claim incorporates a request for additional interest that accrued after the JFS was entered and states that interest accrues at the per diem amount of $538.87. *See* Claim 7, p. 4. ESCDC is unable to ascertain if the interest accruing on the judgment was charged at the proper statutory 9% interest, or if 1414 Lender included additional default interest. Based on the JFS amount of $1,865,216.29, ESCDC calculates the per diem interest to be $459.92.

On June 3, 2019, the Debtor filed a proposed plan and disclosure statement (D.N. 37 & 38) and on August 12, 2019, the Debtor filed a motion to approve the disclosure statement (D.N. 48). 1414 Lender filed an objection to the Debtor's disclosure statement on September 11, 2019 (D.N. 50) and ESCDC filed a response on October 17, 2019 (D.N. 60) mainly to (i) clarify that ESCDC was now the owner of the loan referred to as the SBA loan and (ii) to respond to misstatements found in 1414 Lender's objection with respect to the default interest issue.

On October 14, 2019, 1414 Lender filed its own proposed plan and disclosure statement (D.N. 58 & 59). 1414 Lender filed a motion to approve its disclosure statement and for other relief on November 8, 2019 (D.N. 66). ESCDC filed an objection to 1414 Lender's disclosure statement on December 4, 2019 (D.N. 74). The Debtor also filed an objection to 1414 Lender's disclosure statement on December 4, 2019 (D.N. 73) and also joined ESCDC's objection on December 6, 2019 (D.N. 75).

On December 3, 2019, the Debtor filed a First Amended Plan of Reorganization (D.N. 70) and First Amended Disclosure Statement (D.N. 71). The Debtor's amended plan provides for an

auction of the Real Property and payment in full to both 1414 Lender and ESCDC indicating

Debtor's belief that there is enough value in the property to pay all secured creditors in full.

At the December 11, 2019 hearing, the Court directed supplemental briefing on the issue

of priority with respect to 1414 Lender's default interest and directed the Debtor to file an amended

plan. 1414 Lender filed the 1414 Brief on December 20, 2019. Debtor filed a First Amended Plan

of Reorganization, as Modified and a modified disclosure statement on January 3, 2020 which

contains alternate treatment for ESCDC and 1414 Lender depending on how this Court rules on

the default interest priority issue (D.N. 90 and 91).

### III.    ARGUMENT

#### A. Court Should Enforce the TPLA's Prohibition Against 1414 Lender Using State Law Foreclosure Procedures from Attacking ESCDC's Seniority on Default Rate Interest

1414 Lender's predecessor in interest, Park Ave, executed the TPLA which provides,

among other things, that the Third Party Lender will not claim or assert against the SBA any state

law to defeat any claim of the SBA with respect to the 504 Loan. *See* 1414 Brief, Ex. E, ¶ 15.

This is precisely what 1414 Lender is doing. 1414 Lender is using New York's Real Property

Action and Proceedings Law ("RPAPL") in arguing that the Foreclosure Action somehow voids

the SBA/ESCDC's right to seniority over 1414 Lender's default rate interest.

This Court should enforce the TPLA as drafted to prohibit 1414 Lender from attacking the

SBA's lien priority with respect to default rate interest. Courts should enforce a contract consistent

with its text because "the best evidence of what parties to a written agreement intend is what they

say in their writing." *See Highland Park CDO I Grantor Trust v. Wells Fargo Bank, N.A.*, 2009

U.S. Dist. LEXIS 53272 *9, 2009 WL 1834596 (S.D.N.Y. Jun. 19, 2009)(citations omitted)(held,

under the terms of the intercreditor agreement, the mezzanine lender was barred from recovering

anything on account of the mezzanine loan before the senior lender recovered in full on its loan);

*W.W.W. Assocs. v. Giancontieri,* 77 N.Y.2d 157, 162, 565 N.Y.S.2d 440, 443 (N.Y. 1990) (Under New York Law, "when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms.").

For this reason alone, ESCDC should be entitled to recover in full on its claim ahead of 1414 Lender recovering its default rate interest.

Here, 1414 Lender is doing precisely what the TPLA prohibits; it is "assert[ing] against the SBA ... state law [New York's RPAPL] to defeat any claim of the SBA [the right to be senior to claims for default rate interest]." This Court should not allow such a brazen breach of the TPLA.

**B.  ESCDC is Entitled to Priority with Respect to Default Rate Interest Under TPLA**

Section 9 of the TPLA defines the meaning of "Default Charges" and states that to the extent any "Third Party Lender Lien" secures any amounts attributable to Default Charges, such lien is subordinate to the 504 Loan and CDC/SBA lien.  A written contract should be interpreted to give "effect to the intention of the parties as expressed in the unequivocal language they have employed." *Cruden v. Bank of New York*, 957 F.2d 961, 976 (2d Cir. 1992) (applying NY law); *see British Int'l Ins. Co. v. Seguros la Republica, S.A.,* 342 F.3d 78, 82 (2d. Cir. 2003) (in the absence of any ambiguity, a contract must be construed according to the expressed intent of the parties).

The language of the TPLA is clear and unambiguous subordinating 1414 Lender's claim for default interest to ESCDC's lien.  At least one court has recognized and enforced the provision of a similar TPLA granting the SBA priority as to default interest in the context of a summary judgment motion in a foreclosure action.  *See Wells Fargo Bank, NA v. Cept 5, Inc.*, 2011 U.S. Dist. LEXIS 65654 *15-19, 2011 WL 2470632 (S.D. Ind. June 20, 2011).

The TPLA is equally as clear in that (i) 1414 Lender is bound by the terms of the TPLA as a successor and assign of Park Avenue and (ii) 1414 Lender may not assert any state law to defeat any claim of the SBA/ESCDC under the 504 Loan (as discussed above).

1414 Lender is not arguing that under normal circumstances ESCDC would not be entitled to recover on its loan senior to 1414 Lender's default charges.  Rather, its sole argument is that rights under the TPLA were somehow waived or extinguished in the Foreclosure Action.  For several reasons, this argument is wrong and should be summarily rejected.

### C.  <u>Only Subordinate Lien Holders are Necessary Defendants in a Foreclosure Action</u>

Because SBA/ESCDC's rights to recover ahead of 1414 Lender's right to recover default rate interest is senior as a matter of contract, the Foreclosure Action could not alter that priority. Section 1311 of RPAPL describes the "Necessary Defendants" who must be made a party defendant in a foreclosure action as persons "whose interest is claimed to be <u>subject and subordinate</u> to the plaintiff's lien."  *See* NY CLS RPAPL § 1311 (emphasis added).  The list of necessary defendants includes:

> **1.** Every person having an estate or interest in possession, or otherwise, in the property as tenant in fee, for life, by the curtesy, or for years, and every person entitled to the reversion, remainder, or inheritance of the real property, or of any interest therein or undivided share thereof, after the determination of a particular estate therein.
> **2.** Every person having a right of dower or an inchoate right of dower in the real property or any part or share thereof.
> **3.** <u>Every person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff</u>.
> **4.** Where the mortgage is upon any of the public utilities regulated by the public service law, the public service commission.

*Id.* (emphasis added).  Only junior or subordinate lienholders to the plaintiff are required to be named in a foreclosure action, not a senior lienholder whose interests remain unaffected by a foreclosure action of a junior lienholder.  *See Jacobie v. Mickle*, 144 N.Y. 237, 239 (N.Y. 1894) ("It is undoubtedly the general rule that the only proper parties to an action of mortgage foreclosure

10

are the mortgagee and mortgagor and those who have acquired rights under them subsequent to the mortgage."); *Emigrant Industrial Sav. Bank v. Goldman*, 75 N.Y. 127, 131 (N.Y. 1878) (same); 1 Bergman on New York Mortgage Foreclosures § 2.08 (2019) ("As to a senior interest, a person or entity holding an encumbrance superior to the mortgage to be foreclosed is not a necessary party. A senior interest by definition is one which cannot be extinguished by foreclosure of a junior mortgage. Therefore, there is no basis in law or logic to name a senior encumbrancer."). Typically, the senior lien is paid from the proceeds of the foreclosure sale prior to the junior plaintiff lienholder receiving any payment.

The SBA was named in the Foreclosure Action as a necessary defendant on account of its subordinate lien on the Real Property and not on account of its superior interest to 1414 Lender with respect to its default interest. Under state law as set forth above, 1414 Lender could not alter that priority in the Foreclosure Action.

### D. Naming SBA as Defendant in Foreclosure Action, Without Requesting Specific Relief, Does Not Alter SBA's Rights

The SBA appeared in the action and did not contest any aspect of the foreclosure as it had no reason to believe, because the Complaint did not so request, that its contractual right to subordinate 1414 Lender's default interest would be altered. Prior to the commencement of the Foreclosure Action, Valley sent the SBA the Notice pursuant to the terms of the TPLA. The Notice acknowledged that if the SBA acquired the loan, any acquisition price would be net of the default charges pursuant to paragraph 9 of the TPLA. *See* 1414 Brief, Ex. L. SBA had every reason to believe that Valley, and any assignees, would adhere to and not breach the terms of the TPLA.

The Complaint states that the SBA was named as a defendant because it may hold mortgages or liens "that are subsequent and/or subordinate to" the Valley mortgage being

foreclosed. *See* 1414 Brief, Ex. K, ¶ 5. ESCDC does not contest that it was proper for Valley to name the SBA on account of its junior liens.

The Complaint, however, does not include any challenge to the SBA's seniority over 1414 Lender's default interest. The issue of default interest is not mentioned in Valley's Complaint. There is no cause of action seeking to void section 9 of the TPLA or seeking any relief from the subordination requirement. SBA had no reason to believe that its senior status would be impacted by the Foreclosure Action, as the Complaint did not request this relief.

1414 Lender asserts that the "JFS clearly bars any claims related to ESCDC's priority" and cites to the following provision in the JFS:

> **ORDERED, ADJUDGED AND DECREED**, that each and all of the defendants in this action, and all persons claiming under any of them after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title interest and equity of redemption in the said mortgaged premises and chattel and each and every part thereof;

*See* 1414 Brief, § II, p. 10; 1414 Brief, Ex. P, p. 9.

To the contrary, this boilerplate language is standard in most judgments of foreclosure and sale to bar all junior or subsequent lienholders from asserting any further liens or claims in the property. This paragraph does not restrict or apply to ESCDC's senior right as a matter of contract to recover its principal and interest ahead of 1414 Lender's right to recover default rate interest. There is no provision found in the JFS that eliminates ESCDC's contractual right against 1414 Lender with respect to the subordination of default rate interest. And, because the foreclosure sale has not occurred, no liens have been extinguished in any event.

ESCDC's position is supported by case law that is engrained into the fabric and history of New York foreclosures. In *Emigrant Industrial Sav. Bank v. Goldman*, 75 N.Y. 127, 129 (N.Y. 1878) defendant lienor's lien was senior to the lien of the plaintiff mortgagee. The New York Court of Appeals analyzed the question of whether a senior lienor would be affected by the

judgment of foreclosure and sale of the junior mortgagee and held that it was not. *Goldman,* 75 N.Y. at 131-132. The court held that the plaintiff may make senior lienholders parties for the purpose of having the amount of their recovery ascertained, but where this purpose was not indicated in the complaint, and was not incorporated into the judgment, the senior lien was not cut off. *Id.* at 132.

The Court of Appeals has also held that "[i]f the plaintiff's claim is not so clearly stated in the complaint, but some general allegations are used therein to the effect that a claim is made by the defendant 'as subsequent purchaser or encumbrancer or otherwise,' it will not bar the defendant of rights that are superior and paramount to that of the plaintiff if he default therein." *Tax Lien Co. v. Schultze*, 213 N.Y. 9, 14 (N.Y. 1914) (held, defendants not bound by judgment because there was nothing in complaint to show that plaintiff disputed the prior superior easement); *Jasper v. Rozinski*, 228 N.Y. 349, 357 (N.Y. 1920); *Jacobie v. Mickle*, 144 N.Y. 237, 239 (N.Y. 1894) ("...where the prior incumbrancer has been made a party defendant in the foreclosure action, under a complaint in the usual form, alleging that such incumbrancer's interest is subordinate to the mortgage, and containing the usual prayer for judgment, and the usual judgment in foreclosure is rendered, the interest of the incumbrancer is not cut off by the sale under such a judgment.").

The general language naming SBA on account of its mortgages or liens "that are subsequent and/or subordinate to" is precisely what was used by Valley in the Complaint. If Valley was attempting to terminate the priority arrangement in the TPLA, this cause of action was not clearly stated in the Complaint. The JFS also contained the standard language found in a usual judgment of foreclosure and sale. The State Court did not issue any order or ruling regarding the priority of the parties on the default interest. Indeed, the language in the Complaint naming the SBA on account of liens "that are subsequent and/or subordinate to" begs the question of what

13

happens to liens that are not subordinate, like SBA/ESCDC's right to recover ahead of default rate interest by the Third Party Lender.  The answer is that nothing happens to such lien rights of priority which are established as a matter of contract.

A senior lienholder's lien will not be affected by a judgment where the complaint fails to assert any challenge to its rights even where the senior lienholder defaults in pleading or fails to establish the priority of its lien.  *See Colwell Lead Co. v. Home Title Ins. Co.*, 154 A.D. 83, 138 N.Y.S. 738, 742 (1st Dep't 1912); 1 Bergman on New York Mortgage Foreclosures § 12.10 (2019) ("where the prior lienor is joined but the complaint only generally alleges that the lien is subordinate to the plaintiff, without a specific challenge to the senior's rights, even default by the senior will not allow the junior to rise to superiority.").

### E. *Rooker-Feldman Doctrine* and *Res Judicata* Inapplicable

The long-standing line of cases cited above all stand for the proposition that where a complaint does not specifically challenge the senior lienholder's rights, the judgment does not cut off the senior lienholder's interests.  The doctrines of *Rooker-Feldman* and *res judicata* are, therefore, inapplicable and inapposite.

This Court is not bound by the State Court's JFS as it applies to the priority of default interest because the JFS did not make any findings or determinations as to the default interest. Moreover, the plain-vanilla language in the JFS extinguishing subordinate interests did not bind the SBA or ESCDC.

According to 1414 Lender's own brief, there are four requirements for the application of the *Rooker-Feldman Doctrine*:

(1) the federal-court plaintiff must have lost in state court,
(2) the plaintiff must complain of injuries caused by a state-court judgment,
(3) the plaintiff must invite district court review and rejection of that judgment, and
(4) the state-court judgment must have been rendered before the district court proceedings commenced.

*See* 1414 Brief, p. 11 *citing Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 164 (E.D.N.Y. 2010).

The first three requirements are not met. First, ESCDC/SBA did not lose in State Court because

Valley's Complaint never raised any challenge to the SBA's superior lien on default interest and

the issue was never considered or determined by the State Court. Second, ESCDC is not

complaining of injuries caused by the State Court JFS because ESCDC does not believe that the

JFS extinguishes ESCDC's rights to priority with respect to default interest as set forth in the

TPLA. Third, ESCDC is not asking this Court to reject the JFS. ESCDC does not oppose the

award of default rate interest to 1414 Lender or object to the amount of default rate interest

awarded. Instead, ESCDC's position is that the JFS does not bind or bar ESCDC with respect to

its seniority over the default interest.

Regarding the *res judicata* argument, in *Jasper v. Rozinski*, the Court of Appeals held that

because the claim against the superior creditor was not clearly stated, the foreclosure judgment did

not bar the creditor's senior rights and was not *res judicata* to the creditor's claim. 228 N.Y. 349,

358 (N.Y. 1920) ("The judgment in the foreclosure action did not purport to adjudge the validity

of the mortgage as against the plaintiff herein and did not estop the plaintiff from pursuing his

remedy in this action.").

*Res judicata* similarly requires that once a claim is brought to final conclusion, all other

claims out of the same transaction or series of transactions are barred. *See* 1414 Brief, p. 12 *citing*

*Sosa v. JP Morgan Chase Bank*, 33 A.D. 3d 609, 611 (2d Dep't 2006). Again, Valley never

brought a claim against the SBA in the Foreclosure Action seeking to abrogate, remove or restrict

the SBA's priority over default rate interest, thus, this claim was never brought to any, much less

final, conclusion in the JFS.

### F.  **SBA Did Not Waive Any Rights in Foreclosure**

In its Notice of Appearance, the SBA requested notice of any amendment to the pleadings that refers to any lien or interest of the SBA not described in the Complaint and notice of any motion or other paper seeking to challenge the lien of the SBA.  The SBA did not receive any further documents or pleadings that challenged or sought to alter the superior lien it was afforded under the TPLA.  The SBA's Notice of Appearance did not contain any waiver of any rights under the TPLA.

The New York Court of Appeals also analyzed the impact of the effect of a senior lienholder filing a notice of appearance and waiver of service of certain documents in the foreclosure action and held that such a notice did not yield any rights and was not consent of the senior lienholder to become subsequent to the junior mortgagee.  *Goldman,* 75 N.Y. at 133.

In New York, a "waiver is the voluntary abandonment or relinquishment of a known right. It is essentially a matter of intent which must be proved."  *Jefpaul Garage Corp. v. Presbyterian Hosp. in N.Y.*, 61 N.Y.2d 442, 446 (N.Y. 1984); *Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 585 (2d Cir. 2006).  A waiver of a contract right must be proved to be intentional and requires a "clear manifestation of an intent by plaintiff to relinquish a known right" and "mere silence, oversight or thoughtlessness in failing to object" does not support a finding of waiver.  *Beth Isr. Med. Ctr.,* 448 F.3d at 585 (internal citations omitted).

1414 Lender cannot show any clear manifestation of intent by the SBA to waive its right to have a senior interest over Valley/1414 Lender with respect to the default interest merely by the SBA's action of filing a Notice of Appearance in the action.  To assert that a simple appearance equates to an intentional abandonment of its rights under the TPLA is preposterous.

### G. **TPLA is Enforceable by this Court**

ESCDC's contract rights under the TPLA were not extinguished by the Foreclosure Action or the JFS as discussed above. The TPLA is merely a subordination agreement between ESCDC and 1414 Lender (by and through their predecessors). *See Levine v. Resolution Trust Corp. (In re Coronet Capital Co.)*, 1995 U.S. Dist. LEXIS 10175 *11, 1995 WL 429494 (S.D.N.Y 1995) ("A subordination agreement is simply a contractual arrangement whereby one creditor agrees to subordinate its claim against a debtor in favor of the claim of another.")(internal citations omitted).

The TPLA is enforceable in a bankruptcy case to the extent such agreement is enforceable under applicable nonbankruptcy law and the Court should interpret the agreement as drafted. *See* 11 U.S.C. § 510(a); *Cornet Capital*, 1995 U.S. Dist. LEXIS 10175 *11 ("Section 510(a) is a codification of the principle upholding agreements by and between creditors regarding order of payments"); *In re Boston Generating, LLC*, 440 B.R. 302, 318-19 (Bankr. S.D.N.Y. 2010) ("The Court should not and will not interpret [the subordination agreement] in a way that re-drafts or re-negotiates the Secured Parties' bargained-for rights.").

### H. **ESCDC Entitled to Accounting of Interest Sought by 1414 Lender**

As discussed above, the JFS awarded default rate interest of $571,099.74. The JFS was entered on October 3, 2017 and additional interest has accrued on 1414 Lender's loan. ESCDC has no objection to 1414 Lender receiving the note rate interest awarded in the JFS or the appropriate 9% statutory interest that should accrue following the entry of the JFS.

1414 Lender's proof of claim indicates that the per diem interest it is charging on the loan is $538.87. ESCDC calculates the statutory 9% per diem interest on the JFS amount to be $459.92. In the event ESCDC is successful in its arguments herein, and this Court holds that ESCDC is entitled to recover in full on its claim prior to 1414 Lender being paid on account of its default rate interest, ESCDC requests an accounting of the interest charged by 1414 Lender on its loan and a

17

description of the rate charged.  If any additional default rate interest was charged by 1414 Lender, payment on this additional default rate interest plus the original $571,099.74 awarded in the JFS should be subordinate to payment on ESCDC's claim.

## IV.   **CONCLUSION**

WHEREFORE, ESCDC respectfully requests that the Court enter an Order (i) holding that ESCDC's contract right in the TPLA to seniority over 1414 Lender with respect to the default interest remains unaffected by the JFS, (ii) holding that ESCDC must be paid on its claim prior to the 1414 Lender being paid on account of the default interest, (iii) requiring an accounting of 1414 Lender's claim to determine if additional default interest has been charged, and (iv) granting such other and further relief as may be just, necessary and proper.

Dated:  January 8, 2020

Respectfully submitted

LEMERY GREISLER LLC

*/s/ Meghan M. Breen*
Meghan M. Breen, Esq.
*Attorneys for Empire State Certified Development Corporation*
50 Beaver Street
Albany, New York 12207
(518) 433-8800