UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
In re:                                              :    Chapter 11
                                                    :
CORT & MEDAS ASSOCIATES, LLC,                       :    Case No.:  19-41313 (JMM)
                                                    :
              Debtor.                               :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER CONFIRMING 1414 UTICA AVENUE LENDER LLC'S AMENDED PLAN
OF REORGANIZATION FOR CORT & MEDAS ASSOCIATES, LLC, AS MODIFIED**

**RECITALS**

A.     On March 6, 2019 (the "Petition Date"), Cort & Medas Associates, LLC (the

"Debtor"), filed a petition for relief under chapter 11 of the title 11 of the United States Code

(the "Bankruptcy Code"), commencing the above-captioned case (the "Chapter 11 Case").

B.     On March 9, 2021, 1414 Utica Avenue Lender LLC ("1414 Lender," or the "Plan

Proponent") filed a motion to approve the disclosure statement (as modified on April 11, 2021,

the "Disclosure Statement") [ECF No. 272] in connection with 1414 Lender's plan (as modified

on April 11, 2021, and including the Bidding and Auction Procedures annexed as Exhibit A

thereto, as revised on June 2, 2021 [ECF No. 281], the "Plan")[1] [ECF No. 271].

C.     On April 16, 2021, the Court entered the *Order (A) Approving the Amended

Disclosure Statement, (B) Establishing Solicitation and Voting Procedures, (C) Scheduling a

Confirmation Hearing, (D) Establishing Procedures for Filing Confirmation Objections, and

(F) Granting Related Relief* (the "Disclosure Statement Order") [ECF No. 273].

---

[1]  Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the
Plan.  Any capitalized term used in the Plan or in this Order that is not defined in the Plan or in this Order, but that is
used in the Bankruptcy Code, or in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), shall have
the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules, as the case may be.

D.      Pursuant to the Disclosure Statement Order, the Court approved the Disclosure Statement and scheduled a hearing (the "Confirmation Hearing") on confirmation of the Plan for May 19, 2021.

E.      As evidenced by the relevant certificate of service on file in this case [ECF No. 274], in accordance with the Disclosure Statement Order, on April 19, 2021, counsel for the Plan Proponent caused to be served an information and solicitation package containing a copy or conformed printed version of the following documents:  (A) to all of the Debtor's creditors that are entitled to vote (*i.e.*, creditors in Classes 4, 5, and 6): (i) the Disclosure Statement (which includes among other exhibits, a copy of the Plan); (ii) the Disclosure Statement Order; (iii) the notice of the Confirmation Hearing (the foregoing documents, the "Solicitation Package"); and (iv) the applicable Ballot; (B) to parties to executory contracts and unexpired leases that have not been assumed or rejected as of the Record Date, a Solicitation Package; (C) to creditors in Classes 1, 2, 3 and 7, and holders of administrative claims and priority tax claims: (i) the Confirmation Hearing Notice; and (ii) the Notice of Non-Voting Status; and (D) to all other parties included in the Debtor's creditor matrix that do not fall within any of the categories described in subparagraphs "(a)" through "(c)" of this paragraph (which includes all other parties required to be served under Bankruptcy Rules 2002 and 3017), the Confirmation Hearing Notice.

F.      On May 12, 2021, the Plan Proponent filed the Certification of Ballots (the "Voting Report") [ECF No. 276].

G.      On May 17, 2021, the Plan Proponent caused to be filed the *Declaration of Jason Leibowitz in Support of Confirmation of 1414 Utica Avenue Lender LLC's Amended Plan of Reorganization for Cort & Medas Associates, LLC, as Modified* (the "Leibowitz Declaration") [ECF No. 278].

H.      The Confirmation Hearing was held on May 19, 2021 at 2:30 p.m.

NOW, THEREFORE, it appearing to the Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to confirmation of the Plan have been adequate and appropriate; and upon the Court's review of the Voting Report; and upon all of the evidence proffered or adduced and the arguments of counsel made at the Confirmation Hearing, the Leibowitz Declaration, and the entire record of the Chapter 11 Case; and after due deliberation thereon and good cause appearing therefor:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW[2]

IT IS HEREBY FOUND AND DETERMINED THAT:

1.      <u>Exclusive Jurisdiction; Venue, Core Proceeding (28 U.S.C. §§ 157, 1334(a), 1408 and 1409)</u>.  This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334.   Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. §§ 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed, and to enter a final order with respect to such matters.

2.      <u>Judicial Notice</u>.  This Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court and/or its duly-appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of the Chapter 11 Case.

---

[2]  The findings and conclusions set forth herein and on the record of the Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure made applicable herein by Bankruptcy Rules 7052 and 9014.  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

3.      <u>Transmittal and Mailing of Materials, Notice</u>.   The Solicitation Package was transmitted and served in compliance with the Disclosure Statement Order and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient.   Adequate and sufficient notice of the Confirmation Hearing and the other dates described in the Disclosure Statement Order was given in compliance with the Disclosure Statement Order, and no other or further notice is or shall be required.

4.      <u>Plan Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.   As set forth below, the Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

a.   <u>Proper Classification of Claims and Interests (11 U.S.C. §§ 1122, 1123(a)(1))</u>. The Plan designates seven Classes of Claims and Interests.  The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in such Class.  Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, the classifications are not done for any improper purpose, and such classification does not unfairly discriminate among holders of Claims or Interests.  Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

b.   <u>Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>.  The Plan specifies that Classes 1, 2 and 3 under the Plan are unimpaired and that Classes 4, 5, 6, and 7 of the Plan are impaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

c.   <u>Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>.  The Plan designates Classes 4, 5, and 6 as impaired and specifies the treatment of Claims and Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

d.   <u>Equal Treatment Within Classes (11 U.S.C. § 1123(a)(4))</u>.  The Plan provides for the same treatment for each Claim or Interest in a particular Class unless the holder of a particular Claim or Interest in such Class has agreed to a less favorable treatment of its Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

e.   <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>.  The Plan provides adequate and proper means for its implementation, including (a) the consummation of the Sale Transaction, and (b) the payments to be made under the Plan will be from the

net Sale Proceeds, Cash turned over by the Debtor to the Disbursing Agent pursuant to Section 6.1 of the Plan, and/or Cash to be contributed by the Plan Proponent, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

f.   <u>Charter Provisions (11 U.S.C. § 1123(a)(6))</u>.  The Plan does not provide for the charter provisions described in section 1123(a)(6) of the Bankruptcy Code, and thus section 1123(a)(6) is not applicable.

g.   <u>Selection of Officers and Directors (11 U.S.C. §§ 1123(a)(7) & 1129(a)(5))</u>.  No officers and directors will be selected under the Plan.  Accordingly, the Plan is not required to contain provisions for the selection of officers, directors, or trustees in accordance with sections 1123(a)(7) and 1129(a)(5) of the Bankruptcy Code. Additionally, the Plan does not modify the selection of management of the Debtor.

h.   <u>Discretionary Contents of the Plan (11 U.S.C. § 1123(b))</u>.  The Plan contains various provisions that may be construed as discretionary, but are not required for confirmation under the Bankruptcy Code.  These Plan provisions are appropriate, in the best interests of the Debtor and its estate, and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (a) the assumption or rejection of executory contracts and unexpired leases; and (b) exculpation of various persons and entities.  Accordingly, section 1123(b) of the Bankruptcy Code is satisfied.

i.   <u>Rule 3016(a) of the Bankruptcy Rules</u>.  The Plan is dated and identifies the entities submitting it, thereby satisfying Rule 3016(a) of the Bankruptcy Rules.

5.     <u>The Plan Proponent's Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.   The Plan Proponent has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.  Specifically:

a.   the Plan Proponent is a proper proponent of the Plan under section 1121(c) of the Bankruptcy Code;

b.   the Plan Proponent has complied with applicable provisions of the Bankruptcy Code; and

c.   the Plan Proponent has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order in transmitting the Solicitation Package and in soliciting and tabulating votes on the Plan.

6.     <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  The Plan Proponent has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying

section 1129(a)(3) of the Bankruptcy Code.  In determining that the Plan has been proposed in good faith, the Court may examine the totality of the circumstances surrounding the formulation of the Plan.  The Plan was negotiated at arms'-length and proposed in good faith to provide for a sale of the Property and enable a distribution to the Debtor's general unsecured creditors.

7.     <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.  Any payment made or to be made by the Plan Proponent for services or for costs and expenses in or in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

8.     <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  There are no rates applicable to the Debtor's business or otherwise over which any regulatory commission or other governmental authority has, or will have, jurisdiction after confirmation of the Plan, whose approval of such rates is required under section 1129(a)(6) of the Bankruptcy Code.  Thus, section 1129(a)(6) of the Bankruptcy Code is not applicable in the Chapter 11 Case.

9.     <u>Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7))</u>.  The Plan provides that each holder of a claim or interest in an impaired class shall have either accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date.  The Liquidation Analysis contained in the Disclosure Statement reflects that each holder of a claim or interest in an impaired class will receive a distribution on account of such claim or interest that is not less than such holder would receive or retain if the Debtor were liquidated in a chapter 7 bankruptcy case.  Thus, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

10.    <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>.    Class 4 (Secured Creditor's Secured Claim) and Class 5 (ESCDC Secured Claim) have voted to accept the Plan. Classes 1 (Other Priority Claims), 2 (New York City Secured Claims), and 3 (MTAG Secured Claims) are unimpaired under the Plan and deemed to accept the Plan.  Because the Plan has not been accepted by Class 6 and Class 7, the Plan Proponent seeks confirmation under section 1129(b) of the Bankruptcy Code.  Thus, although section 1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to Class 6 and Class 7, the Plan is confirmable because the Plan does not discriminate unfairly and is fair and equitable with respect to Class 6 and Class 7 and thus satisfies section 1129(b) of the Bankruptcy Code.

11.    <u>Treatment of Priority Claims (11 U.S.C. § 1129(a)(9))</u>.  The Plan provides for the treatment of Allowed Administrative Claims, Allowed Professional Fee Claims, Allowed Administrative Tax Claims, Allowed Priority Tax Claims, and Allowed Other Priority Claims. Except as the holders of such Allowed Claims and the Plan Proponent agree to different treatment, the Disbursing Agent shall pay to each holder of such Allowed Claims Cash in an amount equal to such Claim.  Thus, the Plan's treatment of Allowed Administrative Claims, Allowed Professional Fee Claims, Allowed Administrative Tax Claims, Allowed Priority Tax Claims, and Allowed Other Priority Claims satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code.

12.    <u>Acceptance of at Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10))</u>. Class 4 (Secured Creditor's Secured Claim), which consists of a single member (1414 Lender), which is not an insider of the Debtor, is impaired and has voted to accept the Plan.  Class 5 (ESCDC Secured Claim), which consists of a single member (ESCDC), which is not an insider

of the Debtor, is impaired and has voted to accept the Plan. Thus, the Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

13.     <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The Plan provides for the liquidation of the Debtor. Thus, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code. Moreover, the Plan Proponent has either delivered to the Disbursing Agent funds to satisfy reserves for all payments required to be made under the Plan, or has the financial wherewithal to make payments required to be made at the closing of the Sale Transaction if the Plan Proponent is the purchaser of the Property under the Plan.

14.     <u>Payment of Certain Fees (11 U.S.C. § 1129(a)(12))</u>. All Statutory Fees will be paid as they become due pursuant to Section 2.8 of the Plan. Thus, the Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

15.     <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>. The Debtor does not currently have any liability to pay "retiree benefits" as that term is defined under section 1114(a) of the Bankruptcy Code. Accordingly, section 1129(a)(13) of the Bankruptcy Code is not applicable.

16.     <u>Confirmation of Plan Over Nonacceptance of Impaired Class (11 U.S.C. § 1129(b))</u>. Notwithstanding the fact that Classes 6 and 7 have rejected the Plan, the Plan does not discriminate unfairly and is fair and equitable (a) with respect to Class 6 because the Plan satisfies 11 U.S.C. § 1129(b)(2)(B)(ii), and (b) with respect to Class 7 because the Plan satisfies 11 U.S.C. § 1129(b)(2)(C)(ii). After entry of this Order and upon the Effective Date, the Plan shall be binding upon the members of Classes 6 and 7.

17.     <u>No Other Plan (11 U.S.C. § 1129(c))</u>. No party is requesting the Court to confirm another pending plan of reorganization with respect to the Debtor.

18.     <u>No Avoidance of Taxes or Avoidance of Application of Securities Act (11 U.S.C. § 1129(d))</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

19.     <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>.  Based upon the record before the Court, the Plan Proponent solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Plan Proponent, along with all entities who assisted the solicitation, are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpatory and injunctive provisions set forth in the Plan.

20.     <u>Implementation of the Plan</u>.  All documents necessary to implement the Plan, shall, upon execution, be valid, binding and enforceable agreements in accordance with their terms, and not be in conflict with any federal or state law.

21.     <u>Retention of Jurisdiction</u>.  The Court shall retain jurisdiction over the matters set forth in Article 11 of the Plan and as may be provided elsewhere in this Order.

<u>**DECREES**</u>

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, DECREED AND DETERMINED THAT:

22.     <u>Incorporation</u>.  To the extent applicable, based on the context, the foregoing Findings of Fact and Conclusions of Law are incorporated by reference as decretal paragraphs of this Order.

23.     <u>Confirmation</u>.  The Plan is hereby approved and confirmed under section 1129 of the Bankruptcy Code.  All objections to the Plan not heretofore withdrawn or resolved as set forth on the record at the Confirmation Hearing are overruled in their entirety.  The record of the Confirmation Hearing is incorporated herein by reference.

24.    <u>Provisions of Plan and Order Nonseverable and Mutually Dependent</u>.    The provisions of the Plan and this Order are non-severable and mutually dependent.

25.    <u>Implementation</u>.    The Plan Proponent, the Disbursing Agent, the Debtor, the Reorganized Debtor and all other relevant parties (including the Purchaser as it relates to the sale of the Property) are hereby authorized, directed and empowered to take such actions as may be necessary to effectuate the Plan.

26.    <u>Binding Effect</u>.  Pursuant to section 1141 of the Bankruptcy Code, effective as of the date of the entry of this Order, except as expressly provided in this Order, the provisions of the Plan and this Order shall be binding on (i) the Plan Proponent, (ii) the Debtor; (iii) the Purchaser; and (iv) all holders of Claims against and Interests in the Debtor, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted or are receiving distributions under the Plan.

27.    <u>Releases and Exculpation</u>.  The releases and exculpations provided in the Plan are approved.

28.    <u>Term of Bankruptcy Injunction or Stays</u>.  Unless otherwise provided herein, all injunctions or stays provided for in the Chapter 11 Case pursuant to sections 105, 362 or 525 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

29.    <u>Taxes</u>.  The Sale of the Property to the Purchaser shall be treated for all purposes, including for purposes of 11 U.S.C. § 1146, as a transfer of estate property pursuant to a confirmed plan of reorganization.

30.    <u>No Discharge</u>.    Pursuant to section 1141(d)(3) of the Bankruptcy Code confirmation of the Plan pursuant to this Order shall not discharge the Debtor.

31.     <u>General Authorizations</u>.  Pursuant to section 1142(b) of the Bankruptcy Code, the Plan Proponent, the Disbursing Agent, and/or the Debtor (or Reorganized Debtor, as applicable) are authorized, empowered and directed to (a) execute and deliver any instrument, agreement or document and (b) perform any act that is necessary, desirable, or required to comply with the terms and conditions of the Plan and consummation of the Plan, and is authorized, empowered and directed, without limitation, to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, and other agreements or documents (including without limitation, deeds and accompanying transfer documents as may be required by recording officers and/or a title insurance company) created in connection with the Plan.

32.     <u>Retention of Jurisdiction</u>.  The Court shall retain jurisdiction in accordance with Article XI of the Plan.

33.     <u>Notice of Entry of Confirmation Order</u>.  On or before the tenth (10th) business day following the date of entry of this Order, the Plan Proponent shall cause to be served notice of entry of this Order pursuant to Rules 2002(f)(7), 2002(k) and 3020(c) of the Bankruptcy Rules on all creditors, equity security holders, the United States Trustee and other parties in interest, by causing a notice of entry of this Order to be delivered to such parties by first class mail, postage prepaid.

34.     <u>Confirmation Order Controlling</u>.  If there is any conflict or inconsistency between the Plan and this Order, the terms of this Order shall control.

35.     <u>Reversal</u>.  If any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Plan Proponent's receipt of written

notice of any such order. Notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order and the Plan or any amendments or modifications thereto.

36. <u>Order Effective</u>. Notwithstanding Bankruptcy Rules 3020(e) and 6004, this Order shall be effective and enforceable immediately upon entry.

37. <u>Conditions Precedent to Effective Date</u>: Notwithstanding anything to the contrary set forth in the Plan, the Effective Date shall occur when all of the conditions precedent set forth in Section 9.2 of the Plan have been satisfied or waived by the Plan Proponent.

38. <u>Substantial Consummation</u>. On the Effective Date, the Plan shall have been deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

39. <u>References to Plan Provisions</u>. The failure specifically to include or reference any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

40. <u>Bankruptcy Fees</u>. The Disbursing Agent shall be responsible to pay all fees owed to the U.S. Trustee under 28 U.S.C. § 1930, together with any applicable interest thereon, until a final decree is entered in this case or until the case is converted or dismissed, whichever happens earlier.

41. <u>Post Confirmation Status Reports</u>. The Plan Proponent shall file quarterly post-confirmation status reports and disbursement reports and schedule post-confirmation status conferences until the closing of the Debtor's case by means of a final decree, dismissal or conversion of this case, whichever is earlier.

42.    <u>Headings</u>.  Headings utilized herein are for the convenience of reference only, and shall not constitute a part of the Plan or this Order for any other purpose.



Dated: Brooklyn, New York
June 3, 2021

Jil Mazer-Marino
**United States Bankruptcy Judge**