UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```
                                          :
In re:                                    :   Chapter 11
                                          :
CORT & MEDAS ASSOCIATES, LLC,             :   Case No.: 19-41313 (JMM)
                                          :
                Debtor.                   :
                                          :
```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF GREG CORBIN IN SUPPORT OF APPROVAL
## OF SALE OF DEBTOR'S REAL PROPERTY TO PURCHASER

GREG CORBIN hereby declares under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge, information and belief:

1. I am a licensed real estate agent in the state of New York and am the President of Bankruptcy and Restructuring at Rosewood Realty Group ("Rosewood").

2. I respectfully submit this Declaration in support of approval of the sale of real property of Cort & Medas Associates, LLC (the "Debtor") located at 1376 and 1414 Utica Avenue, Brooklyn, New York 11203 (the "Property") to Calmark Equities Corp. (the "Purchaser") pursuant to that certain *Purchase and Sale Agreement* dated July 23, 2021 (the "PSA") following the auction conducted on July 26, 2021.

3. The Debtor commenced its chapter 11 case on March 6, 2019 (the "Petition Date").

4. On February 2, 2020, the Court entered the *Order Authorizing the Retention of Rosewood Realty Group as Exclusive Real Estate Broker to the Debtor* [ECF No. 96], pursuant to which the Debtor retained Rosewood to act as the Debtor's exclusive real estate broker to market and sell the Property.

5. Following the Debtor's retention of Rosewood, Rosewood took the following actions to market and sell the Property:

- Sending multiple email blasts to the Broker's database of 39,000 potentially interested parties consisting of investors, owners, bankruptcy attorneys and trustees, and distressed property specialists.

- Posting the Property listing to industry websites such as CoStar, Crexi, Brevitas, PropertyShark, Loopnet, Commercial Café, and Crezma.

- Engaging in social media campaigns on Twitter, LinkedIn, Facebook, and Instagram.

- Sharing the Property listing internally with 20 other brokers, as well as the externally with the brokerage community

- Preparing marketing materials that were enhanced by aerial photos taken by a hired drone pilot.

6. Rosewood sent over 350 offering memoranda to potentially interested parties, contacted by phone over 1,200 property owners and users, and received over 17,000 property view on CoStar. Through Rosewood's efforts, a proposed stalking horse offer for the Property was obtained in April 2020, but the stalking horse bidder did not sign a purchase and sale agreement, and the Debtor ultimately decided not to pursue an auction sale of the Property.

7. On June 4, 2021, the Court entered an order (the "Confirmation Order") [ECF No. 282] confirming *1414 Utica Lender LLC's Amended Plan of Reorganization for Cort & Medas Associates, LLC, as Modified* dated April 11, 2021 (the "Plan") [ECF No. 271] proposed by 1414 Utica Avenue Lender LLC, as the plan proponent (the "Plan Proponent"). The Plan includes Bidding and Auction Procedures annexed as Exhibit A thereto, as revised on June 2, 2021 (the "Bid Procedures"). Pursuant to the Bid Procedures, the Plan Proponent may retain Rosewood as real estate broker to market the Property. As permitted by the Confirmation Order, the Plan, and the Bid Procedures, the Plan Proponent retained Rosewood to continue to market the Property for an auction sale to be conducted on July 26, 2021 (the "Auction").

8. Rosewood then engaged in further efforts to market the Property, repeating the aforementioned actions a second time, yielding approximately 30 to 40 additional expressions of interest which led to four property inspections. As a result of those efforts, Rosewood was able to (i) revitalize interest in the Property from the prior stalking horse bidder, who then signed the PSA to be the stalking horse bidder at the Auction, and (ii) procure an additional bidder for the Auction (discussed below).

9. I have reviewed the PSA, and I understand the PSA contains the following material economic terms: (i) the purchase price is $2,050,000.00; (ii) there is no financing contingency; (iii) the PSA is subject to higher and better offers submitted pursuant to the Bid Procedures; (iv) the purchase of the Property is not conditioned on the Purchaser's reaching agreement with the current occupant on the terms of a new lease; and (v) the closing on the sale of the Property shall occur no later than twenty one days after the Court enters the order approving the sale of the Property to the Purchaser, TIME BEING OF THE ESSENCE.

10. Prior to the Auction, Rosewood received a Qualified Bid (as that term is defined in the Bid Procedures) from an individual (Mr. Vivek Singhal), who signed an acknowledgement agreeing to be bound by the terms of the Bid Procedures and who posted a deposit in a demonstration of good faith. The Auction was conducted on July 26, 2021, by Mathew D. Mannion, an auctioneer licensed by the City of New York Division of Consumer Affairs. Mr. Singhal did not attend the Auction and did not submit a bid (other than his Qualified Bid) for the Property. Accordingly, the Plan Proponent, in consultation with its professionals, deemed the Purchaser's bid under the PSA as the highest and best offer for the sale of the Property.

11. Based on all of the foregoing, I respectfully submit that the Court should approve the proposed sale to the Purchaser as the highest and best offer for the Property.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: New York, New York
       July 27, 2021

                                                  */s/ Greg Corbin*
                                                    Greg Corbin