UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :
In re:                                          :    Chapter 11
                                                :
CORT & MEDAS ASSOCIATES, LLC,                   :    Case No.:  19-41313 (JMM)
                                                :
              Debtor.                           :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**[PROPOSED]**

### ORDER APPROVING THE SALE OF THE DEBTOR'S REAL PROPERTY LOCATED AT 1376 AND 1414 UTICA AVENUE, BROOKLYN, NEW YORK TO PURCHASER

Upon *1414 Utica Lender LLC's Amended Plan of Reorganization for Cort & Medas Associates, LLC, as Modified* dated April 11, 2021 (including the Bidding and Auction Procedures annexed as Exhibit A thereto, as revised on June 2, 2021 [ECF No. 281], the "<u>Plan</u>")[1] [ECF No. 271], proposed by 1414 Utica Avenue Lender LLC (the "<u>Plan Proponent</u>") for Cort & Medas Associates, LLC (the "<u>Debtor</u>"), and this Court's order (the "<u>Confirmation Order</u>") [ECF No. 282] confirming the Plan; and upon the provisions in the Plan regarding the sale of the Debtor's real property located at 1376 and 1414 Utica Avenue, Brooklyn, New York 11203 (the "<u>Property</u>"), free and clear of all liens, claims, encumbrances, and adverse interests, to the successful bidder at auction; and an auction having been held on July 26, 2021 (the "<u>Auction</u>") at which Calmark Equities Corp. (the "<u>Purchaser</u>") was determined to be the successful bidder; and upon the Declaration of Greg Corbin (the "<u>Corbin Declaration</u>") in support of the sale of the Property and the Landlord Claim to the Purchaser (the "<u>Sale</u>") pursuant to the Plan and/or that certain *Purchase and Sale Agreement* dated July 23, 2021 (the "<u>Purchase Agreement</u>"), a copy of which is annexed hereto as <u>Exhibit A</u>, and all other documents filed with the Court in connection

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Plan.

with the Sale; and a hearing to consider approval of the Sale having been held before the Court on July 28, 2021 (the "Hearing"); and upon the Court's consideration of the Corbin Declaration, the Purchase Agreement, and the record of the Hearing; and upon the record of this case; and after due deliberation thereon, for the reasons stated by the Court on the record of the Hearing, and good and sufficient cause appearing therefor, it is hereby:

**FOUND, CONCLUDED AND DETERMINED THAT**:[2]

A.    **Jurisdiction and Venue**.  This Court has jurisdiction to consider approval of the Sale under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b). Venue in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested are Bankruptcy Code sections 105, 363, 365, 1123(a)(5), 1141(c), 1142, and 1146(a), Bankruptcy Rules 2002 and 6004, and Rule 6004-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules").

B.    **Notice**.  As evidenced by affidavits of service previously filed with the Court, and based on representations of counsel at the Hearing, (i) due, proper, timely, adequate and sufficient notice of the Sale has been provided to all parties entitled thereto; (ii) such notice was and is good, sufficient and appropriate under the circumstances of the Chapter 11 Case; and (iii) no other or further notice of the Sale or the Hearing, or the relief sought with respect to them, is or shall be required.  A reasonable opportunity to object or to be heard has been afforded to all interested persons and entities.

---

[2]  The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.  Any statements of this Court during the Hearing shall constitute additional findings of fact and conclusions of law as appropriate and are incorporated by reference into this Order.

C.      **Arm's-Length Sale**.  The sale of the Property and the Landlord Claim pursuant to the Purchase Agreement and this Order was negotiated by the Plan Proponent and the Purchaser at arm's-length, without collusion or fraud, and in good faith within the meaning section 363(m) of the Bankruptcy Code.  None of the Plan Proponent, the Debtor, the Purchaser, their respective affiliates, or their representatives has engaged in any conduct that would cause or permit sale of the Property or the Landlord Claim, or the Purchase Agreement to be avoided under section 363(n) of the Bankruptcy Code, or has acted in any improper or collusive manner with any person.  The Purchaser has proceeded in good faith in connection with this proceeding.  The terms and conditions of the sale transaction and the Purchase Agreement, including without limitation, the consideration provided therein, are fair and reasonable and shall not be avoided under section 363(n) of the Bankruptcy Code.  The Purchase Agreement is a valid and binding contract and shall be enforceable according to its terms.

D.      **Sale in Best Interests**.  The sale of the Property and the Landlord Claim is in the best interests of the Debtor, its estate, its creditors and all other parties in interest.  Immediate approval by this Court of the sale of the Property and the Landlord Claim to the Purchaser is necessary and appropriate to maximize the value of the Debtor's estate.  There is risk of deterioration of the value of the Property if the sale transaction is not promptly consummated.

E.      **Business Justification**.  The Plan Proponent has demonstrated good, sufficient and sound business reasons and compelling circumstances for the Court to approve the Purchase Agreement and authorize the sale of the Property and the Landlord Claim under section 363(b) of the Bankruptcy Code outside the ordinary course of business.  Entry of this Order approving the sale of the Property and the Landlord Claim is a necessary condition precedent to the Purchaser's consummation of the sale transaction.

F.    **Consideration**.  The Property has been adequately marketed, and the purchase price to be provided by the Purchaser pursuant to the Purchase Agreement (i) represents the highest or otherwise best offer received by the Debtor for the Property, and (ii) constitutes reasonably equivalent value and fair consideration for the Property.

G.    **Free and Clear**.  The sale of the Property and the Landlord Claim to the Purchaser in accordance with Plan and/or the Purchase Agreement will be a legal, valid, and effective transfer of the Property, and, except as otherwise provided in the Purchase Agreement, vests or shall vest the Purchaser with all right, title, and interest of the Debtor in and to the Property and the Landlord Claim pursuant to section 363(f) of the Bankruptcy Code free and clear of all liens, claims (as defined in section 101(5) of the Bankruptcy Code), encumbrances, or interests of any kind or nature that have been, are or could be asserted against the Debtor or the Property, whether known or unknown, whether asserted or unasserted, whether liquidated or unliquidated, whether due or to become due, whether accrued or unaccrued, whether absolute or contingent, whether arising by agreement, statute or otherwise, whether arising prior to or subsequent to the commencement of the Chapter 11 Case (singularly and/or collectively, the "Interests").  The Purchaser would not consummate the sale of the Property if the sale were not free and clear of all Interests as described herein, or if the Purchaser would, or could in the future, be liable for any such Interests.  The holders of any Interests who did not object to the Sale will be deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. The Debtor may sell the Property free and clear of any Interests of any kind or nature as set forth in this Order because each person or entity with any Interest in the Property: (i) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Interest; or (ii) has a lien and the purchase price for the Property is greater than the aggregate value of all

liens on the Property; or (iii) such Interest is subject to bona fide dispute; (iv) the holder of such Interest has consented, or is deemed to have consented, to the Sale.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.    **Sale is Approved**.  The Sale is approved, and the Plan Proponent is authorized to sell, transfer and convey the Property and the Landlord Claim to the Purchaser pursuant to the terms of the Plan and the Purchase Agreement.

2.    **Objections Overruled**.  Any objections to the entry of this Order or the relief granted herein that have not been withdrawn, waived, settled, or otherwise resolved as set forth on the record at the Hearing and/or memorialized pursuant to the terms hereof (if any), and any reservations of rights asserted in connection with entry of this Order, hereby are denied and overruled on the merits with prejudice.

3.    **Approval and Authorization**.  The Purchase Agreement and all of the terms and conditions therein are approved.   The Plan Proponent and the Debtor, and each of their respective officers, members, employees and agents, as applicable, is each hereby authorized and directed to (i) perform the obligations under and comply with the terms of the Purchase Agreement and execute, deliver and perform any additional agreements, instruments or documents that may be reasonably necessary or appropriate to implement the Purchase Agreement; (ii) consummate the sale, transfer and conveyance of the Property and the Landlord Claim in accordance with the terms and conditions of the Plan and the Purchase Agreement; and (iii) take all other and further actions as may be reasonably necessary or appropriate to implement the sale, transfer and conveyance of the Property and the Landlord Claim and perform its obligations under the Purchase Agreement.  The provisions of this Order authorizing the sale of the Property and the Landlord Claim free and clear of Interests, except as otherwise set forth

in the Purchase Agreement or this Order, shall be self-executing, and neither the Debtor or the Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order.  However, the Plan Proponent, Debtor, the Purchaser, and each of their respective officers, directors, employees, agents, and representatives are hereby authorized and empowered to take all actions and execute, file, register or otherwise record, and deliver any and all agreements, instruments and documents (including without limitation, deeds and accompanying transfer documents as may be required by recording officers and/or a title insurance company) that the Plan Proponent or the Purchaser deem necessary or appropriate to implement and effectuate the terms of the Purchase Agreement and this Order.  This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each federal, state, or local government agency, department or office.

4.      **Valid Transfer**.  Upon the Closing, (i) the sale transaction effects a legal, valid, enforceable and effective sale and transfer of all of the Debtor's rights, title, and interests in the Property and the Landlord Claim to the Purchaser, and shall vest the Purchaser with all of the Debtor's rights, title, and interests in the Property free and clear of all Interests of any kind whatsoever, except as expressly provided in this Order and the Purchase Agreement, and (ii) the Purchase Agreement, the sale of the Property and the Landlord Claim, and any agreements, instruments and documents contemplated thereby shall be enforceable against and binding upon, and not subject to rejection or avoidance by, the Debtor or any successor trustee appointed with respect thereto.

5.      **Good Faith Purchaser**.  The sale of the Property and the Landlord Claim under the Purchase Agreement is undertaken by the Purchaser in good faith, as that term is used in

section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale, transfer and conveyance of the Property shall not affect the validity of the sale, transfer and conveyance of the Property and the Landlord Claim to the Purchaser, unless such authorization is duly stayed pending such appeal. The Purchaser is a purchaser in good faith of the Property and the Landlord Claim, and is entitled to all of the protections and immunities afforded by section 363(m) of the Bankruptcy Code. Neither the Plan Proponent nor the Purchaser is an "insider" of the Debtor as that term is defined in section 101(31) of the Bankruptcy Code, and neither the Plan Proponent nor the Purchaser has engaged in conduct that would cause or permit the Purchase Agreement or the sale of the Property and the Landlord Claim to the Purchaser thereunder to be avoided under section 363(n) of the Bankruptcy Code.

6.      **Injunction**.  Except as expressly provided in the Purchase Agreement or by this Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, vendors, suppliers, employees, trade creditors, litigation claimants, and other persons or entities, holding Interests of any kind or nature whatsoever in the Debtor or against the Debtor, or the Debtor's rights, title, and interests in the Property and the Landlord Claim (whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of the Chapter 11 Case, whether imposed by agreement, understanding, law, equity or otherwise), including, without limitation, those arising under, out of, in connection with, or in any way relating to the Debtor, the Property, the Landlord Claim, the operation of the Debtor's business, or the transfer of the Debtor's rights, title, and interests in the Property to the Purchaser, shall be

and hereby are forever barred, estopped and permanently enjoined from: (i) commencing or continuing in any manner any action or other proceeding, whether in law or in equity, in any judicial, administrative, arbitral or other proceedings, against the Purchaser, its successors or assigns, or asserting or pursuing such Interests against the Property, or the rights, title, and interests of the Purchaser in such Property; (ii) creating, perfecting or enforcing any Interests against the Purchaser, it successors or assigns, or the Property; (iii) asserting any set-off, right of subrogation, or recoupment of any kind against the Purchaser, it successors or assigns, or the Property; and (iv) commencing or continuing any action in any manner or place, that is inconsistent with the terms of this Order. All persons and entities are hereby prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Purchaser to acquire the Debtor's right, title, and interest in and to the Property and the Landlord Claim as contemplated by this Order. Following the Closing, no holder of an Interest in or against the Debtor or the Property shall interfere with the Purchaser's title to or use and enjoyment of the Property based on or related to such Interests, or based on any action taken by the Debtor since commencement of the Chapter 11 Case, including without limitation Purchaser's right, ability, and effort to derive rental income and other revenue from the Property and to maximize the value of the Property. For the avoidance of doubt, the foregoing shall not prevent the Plan Proponent and/or the Debtor from enforcing the terms of the Purchase Agreement against the Purchaser and/or its successors and assigns.

7.    **No Successor Liability**.  Upon the Closing, the Purchaser, its successors and assigns shall not and shall not be deemed to: (i) be a successor or successor employer to the Debtor or its estate under any theory of law or equity; (ii) have, *de facto* or otherwise, merged or consolidated with or into the Debtor or the Debtor's estate; (iii) be a mere continuation or

substantial continuation of the Debtor or any enterprise of the Debtor; or (iv) be liable for any acts or omissions of the Debtor in the conduct of the Debtor's business or arising under or related to the Property other than as set forth in the Purchase Agreement.  There is no substantial continuity between the Debtor and the Purchaser, there is no common identity between the Debtor and the Purchaser, and there is no continuity of enterprise between the Debtor and the Purchaser.  None of the Purchaser or the Property shall have (i) any liability or responsibility for or be required to satisfy in any manner (whether at law or in equity, by payment, setoff or otherwise, directly or indirectly) any claim or any Interest against the Debtor, or (ii) any successor or vicarious liabilities of any kind or character, including, but not limited to, federal, state or other tax liabilities, U.S. or foreign pension liabilities, or liabilities based on any theory of antitrust law, environmental law, labor law, alter ego, veil piercing, continuity of enterprise, mere continuation, product line, *de facto* merger or substantial continuity, whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of the Chapter 11 Case, whether imposed by agreement, understanding, law, equity or otherwise with respect to the Debtor or any obligations of the Debtor, including, but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Debtor's business prior to the Closing or any taxes in connection with, or in any way relating to, the cancellation of debt of the Debtor.  The transfer of the Property to the Purchaser will not subject the Purchaser to any liability for any claims against the Debtor existing as of the Petition Date.

       8.      **<u>Binding Effect of Order</u>**.  The terms and provisions of the Purchase Agreement and this Order shall be binding in all respects upon the Debtor, the Debtor's estate, the

Purchaser, all creditors of the Debtor, all holders of equity interests in the Debtor, and all other parties in interest, and their successors and assigns, including all parties asserting any lien, claim or interest in or against the Property.

9.    **<u>Sale Free and Clear of Interests</u>**.  This Order (i) shall vest the Purchaser with all right, title and interest in the Property and the Landlord Claim free and clear of any and all Interests of any kind or nature whatsoever, except as otherwise provided in the Purchase Agreement or this Order, with such Interests that are not paid at Closing to attach to the net proceeds of the Sale with the same force, validity, effect, priority and enforceability as such Interests had prior to the Sale; and (ii) shall be binding upon and shall govern the acts of all persons, parties in interest, and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Property.  Upon the occurrence of the Closing, the Plan Proponent and/or the Debtor, and all persons holding an Interest in the Property immediately prior to the Closing are hereby authorized to execute such documents and take all other actions as may be reasonably necessary to release their Interests in the Property (if any) as such Interests may have been recorded or may otherwise exist.  All recorded Interests against the Property shall be deemed stricken from their records, official and otherwise, except that, at the option of the Plan Proponent may be transferred subject to the Plan Proponent's mortgage and mortgage lien.

10.    **Property Turnover at Closing.**  The Debtor shall turnover possession of the Property at closing, together with all files and records pertaining to construction documents, Department of Building permits, violations, architectural plans, leases, repair invoices, and tenant correspondence.  If the Debtor fails to turnover possession of the Property, the Plan Proponent or the Purchaser shall be entitled to apply for a writ of assistance for Bankruptcy Court approval to obtain the assistance of the United States Marshal to remove the Debtor and its affiliates from the Property and effectuate turnover of the Property and all related files and records pertaining to construction documents, Department of Building permits, violations, architectural plans, leases, repair invoices, and tenant correspondence.

11.    **<u>Exemption from Stamp or Similar Taxes</u>**.  To the maximum extent provided by section 1146(a) of the Bankruptcy Code, the Sale shall not be subject to any stamp tax or similar tax and the appropriate state or local government officials or agents shall forego collection of any such tax and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax.

12.    **<u>Release of Liens</u>**.  If any person or entity which has filed statements or other documents or agreements evidencing Interests in the Property shall not have delivered to the Plan Proponent before the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents required to document the release of such Interests, the Plan Proponent and the Purchaser are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Property, with such Interests that are not paid at Closing to attach to the net proceeds of the sale.  Each and every federal, state and governmental agency or department and any other person or entity is hereby

11

authorized and directed to accept any and all documents and instruments in connection with or necessary to consummate the sale of the Property contemplated by the Purchase Agreement or evidence the release of Interests in the Property.

13. **Failure to Specify Provisions**.  The failure to reference or specifically include any particular provisions of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Purchase Agreement and the sale of the Property and the Landlord Claim be authorized and approved in its entirety.

14. **No Stay of Order**.  Notwithstanding the provisions of Bankruptcy Rule 6004 or any applicable provisions of the Local Rules, this Order shall not be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable immediately upon entry.  Time is of the essence in closing the sale of the Property, and the Plan Proponent and the Purchaser may close the sale of the Property as soon as practicable.  Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

15. **Inconsistencies with Prior Orders, Pleadings or Agreement**.  To the extent this Order is inconsistent with any prior order or pleading with respect to the sale of the Property and the Landlord Claim, the terms of this Order shall govern.  To the extent this Order is inconsistent with the terms of the Purchase Agreement, the terms of the Order shall govern.

16. **Retention of Jurisdiction**.  This Court retains exclusive jurisdiction to interpret, implement, and enforce the terms and provisions of, and to resolve any and all disputes that may arise under or in connection with, this Order and the Purchase Agreement, all amendments thereto and any waivers and consents thereunder, including, but not limited to, the authority to (i) compel transfer, conveyance and delivery of the Property and the Landlord Claim to the

Purchaser, including the execution of any documents, instruments, or agreements related thereto, or the performance of any act necessary or desirable to carry out the Sale and effectuate the transfer, conveyance and delivery of the Property to the Purchaser; (ii) interpret, implement and enforce the provisions of this Order and any related order; and (iii) protect the Purchaser and the Property against any Interests of any kind or nature whatsoever from which the Property has been sold free and clear.